**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10496 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00104-AWI-SKO-1 |
| v. | |
| KEITH FOSTER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted June 10, 2019
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[**] District Judge.

Defendant Keith Foster, a former Deputy Police Chief from the Fresno Police Department, appeals his jury convictions for conspiring to possess with intent to distribute marijuana and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He contends that the evidence was insufficient, that his counsel was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ineffective, that the jury should have been instructed on a buyer-seller relationship, and that the court erred in denying his request to unseal juror information. For the reasons below, we affirm.

There is sufficient evidence to support both convictions. Foster's phone calls and text messages with coconspirators Rafael Guzman and Lashon Jones sufficiently demonstrated Foster's role in the conspiracy to distribute heroin. Jones relayed heroin orders from buyers to Foster and assured Foster that the deals would benefit both of them. Foster discussed heroin types, prices, and meeting times with a supplier, Guzman, and relayed those details back to Jones. On an agreed-upon date, Foster attempted to meet Guzman to obtain the drugs, but the deal fell through when Jones did not answer her phone.

Foster's phone calls with his nephew Denny sufficiently established Foster's role in a conspiracy to distribute marijuana. Denny and Foster discussed marijuana quantities, meeting times, and prices, and Foster repeatedly pressed Denny for money for Foster's "boy." After later learning that Denny had been arrested with six pounds of marijuana in his car, Foster expressed frustration that Denny had not asked for "cover," and Foster said that he would see what his "narc guys" could do for Denny.

Although counsel arguably performed deficiently by not moving for acquittal after the government's case in chief, Foster's ineffective assistance of counsel claim fails because there was no prejudice. The evidence was sufficient to support both convictions, so a motion for acquittal would have been denied. *See United States v. Feldman*, 853 F.2d 648, 665–66 (9th Cir. 1988) (failure to move for acquittal cannot be the basis for a finding of ineffective assistance if the crimes of conviction are supported by sufficient evidence). Counsel's decision not to request a buyer-seller instruction appears to be the product of strategy, not incompetence. *See Strickland v. Washington*, 466 U.S. 668, 689–90 (1984). The theory of the defense was that Foster was investigating the activities of others in his capacity as deputy police chief. A buyer-seller instruction would have clashed with this defense. For similar reasons, the district court did not err in failing to *sua sponte* instruct the jury on a buyer-seller relationship. *United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998).

Finally, the district court did not err in denying Foster's motion to unseal juror information. Although Foster may have suspected that jurors had read prejudicial news articles, the record contains no basis for that supposition. Speculation alone cannot overcome the presumption of juror impartiality. *See United States v. Clardy*, 540 F.2d 439, 447 (9th Cir. 1976) (finding similar request

frivolous where defendant had not shown "that any of the jurors had seen such material").

**AFFIRMED.**